## SEYMOUR RIECK v. ANDREW J. STEELMAN.

Argued February 19, 1901—Decided June 10, 1901.

Fees incurred by a sheriff, on an *alias* writ of *fieri facias de bonis et terris*, after satisfaction of the judgment debt by payment to the officer holding the original execution (not the sheriff), are payable by the defendant in execution, unless they are incurred after notice of the satisfaction has been given either to the sheriff or to the plaintiff in execution.

On rule to show cause why proceedings on execution to the sheriff of Cumberland county should not be stayed.

Before Justices GUMMERE and FORT.

For the rule, *Eli H. Chandler.*

*Contra, Louis H. Miller.*

The opinion of the court was delivered by

GUMMERE, J. Upon a judgment recovered against the defendant in this court execution was issued to the sheriff of Atlantic county, who levied upon and advertised for sale property of the defendant. At the same time execution was also issued to the sheriff of Cumberland county, who levied upon certain real estate of the defendant located in his county. From time to time, after the issuing of the executions, the defendant paid to the sheriff of Atlantic county different amounts upon the judgment, and on the 26th day of December, 1900, mailed him a check for the amount still remaining unpaid thereon. On the next day the sheriff of Cumberland county caused an advertisement of the real estate, levied upon him, to be published in one of the newspapers of said county, and, on the day following, caused the same publication to be made in another newspaper of his county. The defendant now applies for a rule to stay perpetually the sheriff of Cumberland county from further proceeding under his writ.

The real question which the parties desire to have determined is as to the liability of the defendant to pay the costs incurred up to and including the 28th day of December under the writ issued to the sheriff of Cumberland county. We think that he is liable. By due course of mail the check mailed by the defendant to the sheriff of Atlantic county on the 26th day of December would not have reached him until the day following. Prior to that time a certain portion of these costs, to wit, those represented by the levy, had already been incurred. Prior to that day, also, the printers' charges for setting up the advertisements had undoubtedly been incurred. No notice was given either to the sheriff of Cumberland county or to the plaintiff in execution that the judgment had been paid until after the advertisement had been published in each of the newspapers of that county; nor had they, either of them, any knowledge of that fact. It was the duty of the defendant to notify the sheriff of Cumberland county of the satisfaction of the judgment as soon as that event occurred, and to pay to him such fees as had accrued to him prior to the date of such notification. Such expenses as were incurred by the sheriff subsequent to December 26th were due entirely to the failure of the defendant to notify either him or the plaintiff in execution of the existing situation, and those expenses the defendant should be compelled to pay.

The rule to show cause is discharged.